UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

IN RE: MARYLAND WILLIAMS, SR.
ROSIE MAY WILLIAMS,

       Debtors.

CASE NO: 15-

CHAPTER : 13

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO APPOINT REPRESENTATIVE OR "NEXT FRIEND"

## STATEMENT OF FACTS

MARYLAND WILLIAMS, SR. AND ROSIE MAY WILLIAMS are a married couple. Several years ago, Debtors each signed a general power of attorney, granting broad powers to their daughter, Juanita Williams, as they had been diagnosed with Alzheimer's Disease and/or dementia. They thereafter became incompetent, having some moments of clarity.

A bankruptcy petition was filed on June 15, 2015, seeking the protection of the bankruptcy court. The petition was signed by Juanita Williams as "attorney in fact" for MARYLAND WILLIAMS, SR. and ROSIE MAY

Edrie A. Pfeiffer, VSB# 41791
Counsel for Debtors
372 S. Independence Blvd. Ste. 109
Virginia Beach VA 23452
757-340-3100
admin@hamptonroadslegal.com

WILLIAMS. A copy of the power of attorney was filed with the petition and is on file with the bankruptcy court.

## ISSUES

**Whether the bankruptcy court should take the extraordinary step of appointing Juanita Williams as "next friend" or "representative", *nunc pro tunc* ?**

## ARGUMENT

The issue of power of attorneys in bankruptcy is an issue seldom seen. The Honorable J. Michael Deasy, U.S. Bankruptcy Judge for the District of New Hampshire, discussed the issue in a Memorandum Opinion in 1999, in the following case: *In Re Pauline Hurt*, Bk No. 9911243-JMD, a Chapter 7 bankruptcy case filed in the District of New Hampshire.

Judge Deasy ruled that the first step is to determine whether the attorney in fact can proceed to file a bankruptcy petition and whether the petition was signed appropriately in a manner which reflects the representative capacity of the attorney in fact. see *Hurt Memorandum*, page 2, citing *In re Brown*, 163 B.R. 596, 598 (Bankr. ND. Fla 1993) and *In re Harrison*, 158 B.R. 246,

Edrie A. Pfeiffer, VSB# 41791
Counsel for Debtors
372 S. Independence Blvd. Ste. 109
Virginia Beach VA 23452
757-340-3100
admin@hamptonroadslegal.com

248 (Bankr. M.D. Fla 1993). In the instant case, the petition and supporting schedules were signed by Juanita Williams as "attorney in fact" for Maryland Williams and Rosie May Williams".  In later part of the opinion, Judge Deasy discussed the power of attorney signed by the debtor, Hurt, which appears to be less specific than the one signed in this case.  Deasy found that the next step would be to determine whether the power of attorney was filed with the petition (*Hurt Memorandum* at 3)   In the instant case, the power of attorney was filed contemporaneously with the petition.

Third, Deasy found that the attorney in fact must appear at the first meeting of creditors and that the trustee shall require the attorney in fact to state the reasons why a power of attorney is necessary. (*Hurt Memorandum* at 3).

Fourth, the attorney in fact shall file with the Court, the current mailing address for the incompetent.  Debtors reside with Juanita Williams and the home address was indicated.

Under the analysis done in *Hurt*, the power of attorney signed by Maryland Williams and Rosie May Williams is sufficient to allow Juanita Williams to file bankruptcy on their behalf. However, in the past, the Court has found that a power of attorney  may be insufficient.  In that case, the

Edrie A. Pfeiffer, VSB# 41791
Counsel for Debtors
372 S. Independence Blvd. Ste. 109
Virginia Beach VA 23452
757-340-3100
admin@hamptonroadslegal.com

Debtor requests that she be appointed as Mr. & Mrs. Williams's "next friend" *nunc pro tunc* so that the case may proceed.

The issue of whether a debtor who is incompetent needs a guardian ad litem or "next friend" is one seldom seen in the U.S. Bankruptcy Court. In 1999, the Western District of Missouri addressed this issue and whether the Court's equitable authority should be exercised in order to enter necessary and appropriate orders in order to appoint limited guardian for debtors during the pendancy of the bankruptcy case, for the purpose of protecting the debtors' rights. See *In Re Marilyn Moss, 239 B.R. 537 (WD MO 1999)*.

*In the Moss* case, the Debtor was *pro se* and had been adjudged incompetent. Her past behavior in dealings with the Bankruptcy corut had been bizarre and had complicated her case's administration. Adversarial proceedings were pending and more were expected. In *Moss*, the Trustee moved the Court for an Order appointing a Guardian for the limited purpose of handling matters related to the bankruptcy case. *Moss* at 538. During the discussion by the Court, the Court noted that this kind of matter seldom came up in bankruptcy court. The Court came to conclusions as follows:

Edrie A. Pfeiffer, VSB# 41791
Counsel for Debtors
372 S. Independence Blvd. Ste. 109
Virginia Beach VA 23452
757-340-3100
admin@hamptonroadslegal.com

That incompetency is not mentioned or defined in the bankruptcy code and that the Court should look to the laws of the state in which the debtor resides (*Moss* at 539-543) and that appointment of such a limited guardian (next friend) was in the interest of judicial economy and efficiency (*Moss* at 543), and (2) that an appointment of such a guardian or next friend was necessary to carry out the provisisions of the bankruptcy code, aid in the administration of the case, and to advance the goals of the bankruptcy code (*Moss* at 543-544).

Virginia law does provide for conservatorship or guardianship of a person in VA Code 64.2-2000. Et seq. There are provisions for a guardian ad litem upon an absence or for a minor child or in filiation proceedings and provides for a temporary fiduciary when the respondent is incapacitated and there is an immediate and serious danger to the life or health of the respondent (the incapacitated person). The responsibilities of the conservator as set out in said code section nearly mirror the power of attorney signed by Mr. Williams and Mrs. Williams and granted to their daughter in that the ability to prosecute or defend actions, claims or

Edrie A. Pfeiffer, VSB# 41791
Counsel for Debtors
372 S. Independence Blvd. Ste. 109
Virginia Beach VA 23452
757-340-3100
admin@hamptonroadslegal.com

proceeding in language.

### Conclusion

The Bankruptcy Court has equitable powers with which to resolve this issue. The powers of attorney signed by Maryland Williams and Rosie May Williams, respectively, gave Juanita Williams the power to act upon any financial matters on their behalf. If not so construed, then the Court is requested to appoint Juanita Williams as "next friend" or representative *nunc pro tunc*, in Order to protect the interests of the Debtors, advance the goals of the Bankruptcy Code and promote judicial economy and efficiency.

Dated this 15th day of June, 2015,

*/s/ Edrie A. Pfeiffer*
Edrie A. Pfeiffer, VSB# 41791
Counsel for Debtors
372 S. Independence Blvd. Ste. 109
Virginia Beach VA 23452
757-340-3100
admin@hamptonroadslegal.com

Edrie A. Pfeiffer, VSB# 41791
Counsel for Debtors
372 S. Independence Blvd. Ste. 109
Virginia Beach VA 23452
757-340-3100
admin@hamptonroadslegal.com